IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| FORREST ZUDELL, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-17-925-R |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, et al., | ) |
| Defendants. | ) |

## ORDER

On August 28, 2017, Plaintiff filed this action seeking relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Doc. 1. Plaintiff requested in the body of his complaint "to proceed in forma pauperis 28 U.S.C. 1915." *Id.* at 1. On August 29, 2017, because Plaintiff had failed to use the proper form and to follow the proper procedure in seeking in forma pauperis (ifp) status, the court ordered him to cure the deficiency by September 18, 2017, and directed the Clerk of Court to send him any forms necessary for compliance with that order.

The court is now in receipt of a letter that Plaintiff directed to the court just a few days later. Doc. 5. Apart from describing his case, Plaintiff advised the court that he had received the ifp form and had given the inmate trust fund portion of the form to his prison's library official for completion. *Id.* at 1. Plaintiff also informed the court that he receives $10 a month in prison gang

pay. *Id.* Plaintiff then concluded by speculating that the prison was not "going to get [him] the information [he] need[s] to proceed [ifp]" and asking the court to "order the prison for the information." *Id.* at 2.

The court will address Plaintiff's letter on this single occasion only and only because Plaintiff has not been previously advised of the consequence of filing motions, notices, and letters that are not consistent with the rules of procedure that govern civil litigation in this Court. Though a court will "construe [Plaintiff's] pleadings liberally because he is a pro se litigant, he nevertheless must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

The court now specifically advises Plaintiff that hereafter: (1) the court will not consider and will summarily strike any motion that is not consistent with the motion practice established by the Federal Rules of Civil Procedure or this Court's Local Civil Rules;[1] (2) the court will not consider and will summarily strike any notice or similarly-captioned filing that is not consistent with the Federal Rules of Civil Procedure or this Court's Local Civil Rules; (3) the court does not rule on letters and will not consider and will summarily strike any correspondence from Plaintiff; and (4) Plaintiff may correspond with the Clerk of Court's office to obtain assistance concerning procedures in this

---

[1] **The court directs the Clerk of Court to include a copy of this Court's local civil rules when mailing a copy of this Order to Plaintiff.**

Court but no court personnel can advise Plaintiff on matters of law or give legal advice.

With respect to the letter submitted by Plaintiff before receiving the foregoing notification, his request is premature. He is only guessing that the prison will not comply. If, closer to the September 18, 2017 deadline, the prison has not returned the necessary form to Plaintiff, he may then request—and the court will freely grant—a request for an extension of time to cure the deficiency.

ORDERED this 8th day of September, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE